UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

QUINNARD WILSON (#537027)                               CIVIL ACTION

VERSUS

JAMES LEBLANC                                           NO. 16-169-SDD-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 27, 2016.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

QUINNARD WILSON (#537027)                                    CIVIL ACTION

VERSUS

JAMES LEBLANC                                                NO. 16-169-SDD-RLB

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Secretary James LeBlanc, complaining that his constitutional rights were violated between 2008 and 2016, when he was sanctioned with the loss of approximately 508 days of good time as a result of disciplinary violations when he was incarcerated at David Wade Correctional Center and Winn Correctional Center.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995).

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v.*

*Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).  The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.  *Denton v. Hernandez, supra*, 504 U.S. at 32.  Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915.  *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).  A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1999 (5th Cir. 1986).

      In his Complaint, the plaintiff alleges that from 2008 through 2016 he was incarcerated at David Wade Correctional Center and Winn Correctional Center, and during that time he was charged with unspecified disciplinary violations and sanctions were imposed leading to the loss of approximately 508 days of good time in violation of his constitutional rights.  The plaintiff seeks restoration of his good time credits and monetary damages for mental anguish.

      The plaintiff's allegations fail to state a claim cognizable in this Court.  Addressing first the plaintiff's claim for monetary damages, the plaintiff is not entitled to recover compensatory damages for mental or emotional injury in the absence of an associated physical injury, and the plaintiff has not alleged that he has suffered any physical injury in this case.  *See* 42 U.S.C. § 1997e(e).

      Turning to a consideration of the plaintiff's assertion that the disciplinary proceedings were "illegal," this claim is subject to dismissal as not properly before the Court.  Specifically, when a prisoner brings a claim that directly or indirectly challenges the length or

constitutionality of his confinement, the claim must first be pursued in a federal habeas corpus proceeding, after the exhaustion of state court post-conviction remedies, instead of in a federal civil rights proceeding brought pursuant to 42 U.S.C. § 1983.  *See Hill v. Thaler,* 2012 WL 1155729, *2 (S.D. Tex. April 5, 2012).  As stated in *Hill,* "[a]n application for writ of habeas corpus is ... the proper vehicle in which to protest a disciplinary proceeding that results in the loss of good-time credits, which could conceivably lengthen an inmate's duration of confinement."  *See also Serio v. Members of the Louisiana State Bd. of Pardons*, 821 F.2d 1112, 1118 (5th Cir. 1987) ("If a prisoner challenges a single hearing as constitutionally defective, he must first exhaust state habeas remedies").  Inasmuch as the plaintiff in this case complains of disciplinary charges and hearings which resulted, *inter alia*, in the loss of good time credits that he had earned toward earlier release, and inasmuch as he prays that his good time credits be restored, this claim necessarily calls into question the length of his confinement because a successful resolution thereof, *i.e.*, a restoration of his good time credits, would result in his earlier release.  Accordingly, this claim is subject to dismissal because it may only be pursued in a habeas corpus proceeding.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (finding that a prisoner's claim seeking the restoration of good-time credits may only be pursued in a federal habeas corpus proceeding, after the exhaustion of state court remedies).

To the extent that the plaintiff's allegations may be interpreted as asserting a claim for monetary damages associated with the alleged wrongful disciplinary convictions, this claim is barred pursuant to the rule stated in *Heck v. Humphrey*, 512 U.S. 477 (1994).  Under *Heck,* a prisoner's claim for monetary damages attributable to an alleged wrongful conviction or term of confinement is not cognizable in federal court whenever "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487.  If so, "the

complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated," either by state officials or through federal habeas corpus. *Id.* Inasmuch as the taking of an inmate's accrued good time has an impact upon the inmate's period of confinement, were this Court to determine that the plaintiff is entitled to monetary damages as a result of the disciplinary sentences in this case, this would necessarily imply that the disciplinary sentences were wrongful and should be overturned, resulting in a return of the good time credits.  Since the plaintiff has failed to allege or show that the offending disciplinary sentences have been invalidated or called into question in a separate proceeding, either in a state proceeding or through federal habeas corpus, the plaintiff's claim for monetary damages falls squarely within the holding of *Heck v. Humphrey* and must be dismissed.  *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying the *Heck* rule in the context of a prisoner's claim regarding the deprivation of good time credits).  Accordingly, the plaintiff's claim for monetary damages arising out of the alleged unconstitutional disciplinary charges and sentences has not yet accrued and must be dismissed.  *See Montoya v. Jones*, 118 Fed. Appx. 797, 798 (5th Cir. 2004) (upholding a dismissal, as frivolous, of a plaintiff's claim because he "cannot attack his disciplinary proceedings resulting in the loss of good time credits in a § 1983 action until his 'convictions' in those proceedings have been expunged, reversed or otherwise set aside").  This claim as well, therefore, must be dismissed.

 Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over

which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367.  In the instant case, having recommended that the plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, and that this action be dismissed, with prejudice, as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A[1], at least until the conditions set forth in *Heck v. Humphrey, supra*, are met.

Signed in Baton Rouge, Louisiana, on April 27, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."